Wealex, Judge,
delivered the opinion of the court.
The plaintiff, the National Savings & Trust Company, is the executor of the estate of Frank F. Fletcher, deceased, having been appointed by the Supreme Court of the District of Columbia. This is a suit in behalf of the estate of a rear admiral, retired, United States Navy, for the difference between the pay of a rear admiral, retired, and the pay, as provided for in the statutes, of a retired rear admiral while performing active duty.
The late Frank F. Fletcher, a retired rear admiral of the Navy, was recalled to active duty on September 17,1925, and ordered to report on that day as a member of a board, to study and advise as to the best means of developing and applying aircraft in national defense. According to the records of the Navy Department, on November 30,1925, this board submitted its report, stating that it had met on September 17, 1925, and held meetings for four weeks. The records of the Navy Department do not disclose at what date Near Admiral Fletcher was relieved from active duty. During the period of his active duty Bear Admiral Fletcher received the pay of a retired rear admiral.
*270 The questions here concern his right to the difference between the retired pay received by him and the active-duty pay provided for in the statutes, and the length of time during which he was on active duty. The former question has been passed upon by this court in Hugh Rodman v. United States, 70 C.Cls. 751. It was there decided that the right to the difference in the pay was provided by the act of August 29, 1916 (39 Stat. 581), and was not repealed by the provisions of the act of June 10, 1922 (42 Stat. 625). This decision controls the issue here.
The remaining question is the duration of Admiral Fletcher’s active service to which he was recalled on September 25, 1925. The defendant contends his active service ended four weeks after his appointment, that is to say, at the expiration of the meetings of the board. The plaintiff contends his active service extended to November 30, 1925, the date of the submission of the board’s report.
The board was created and the members appointed to “ study and advise as to the best means of developing and applying aircraft in national defense.” They held meetings for four weeks, and afterwards prepared a report which was-filed on November 30, 1925. Before arriving at their conclusions and making a final report, it was necessary for the members of the board to study the evidence or information obtained at their meetings, in order to advise as to the best means of developing and applying aircraft. There was no time limit fixed in the order in which the report was to be made. The evidence does not show when the report was prepared and the signatures attached but the reasonable-assumption is that the report was not signed until the day it was filed. The filing of the import represents the individual as well as the collective act of each member of the board and therefore he necessarily must have been actively engaged up to the date of its submission. At any time before the report was filed on November 30,1925, it would have-been possible for any member of the board to change his mind as to the form of the report, and therefore the members-were on active duty until the final submission of the report.
In our opinion, the late Rear Admiral Fletcher was on active duty from September 25, 1925, until the final submis *271 sion of the report on November 30, 1925. The plaintiff is entitled to a judgment of $246.67. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.